UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN A. STEPHEN, JR.,

    Plaintiff,

v.                                CASE No. 8:11-CV-513-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.* Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain reversible error, the decision will be affirmed.

I.

The plaintiff, who was forty-nine years old at the time of the final administrative hearing and who has an eleventh grade education, has no

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 12).

past relevant work (Tr. 19, 283). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled on June 15, 1996, due to total blindness in his right eye (Tr. 163). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "herpetic keratouveitis of the right eye and history of corneal erosion of the right eye" (Tr. 15). He concluded that, despite these impairments, the plaintiff can "perform a full range of work at all exertional levels but with the following nonexertional limitations: occasional climbing including ladders and scaffolds, no ropes or open heights and no work requiring binocular vision, e.g., depth perception limited to frequent use, i.e., like when operating dangerous machinery" (Tr. 16). Based upon the testimony of a vocational expert, the law judge found that there are jobs that exist in significant numbers in the national economy that the plaintiff could perform, such as horticulture worker, auto detailer, and hand packager (Tr. 20). The law judge therefore ruled that the plaintiff was not disabled (Tr. 20-

21). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305

U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff attacks the law judge's decision on two grounds. The plaintiff first argues that the law judge failed to develop a full and fair record. For his second issue, the plaintiff asserts that the law judge's credibility determination was erroneous. Neither of these contentions warrants reversal.

The law judge scheduled a hearing and informed the plaintiff of his right to be represented, but the plaintiff appeared without a representative. The plaintiff said that he had talked with attorney Michael Steinberg a few days before the hearing (Tr. 269, 272). Under the circumstances, the law judge continued the hearing (Tr. 272).

At the re-scheduled hearing, the plaintiff again appeared without a representative. The plaintiff said he understood his right to representation and had submitted a waiver of that right (Tr. 279). The plaintiff subsequently obtained counsel in connection with a request for review by the Appeals Council, as well as the prosecution of this case.

The plaintiff, who thus was not represented at either administrative hearing, argues that the law judge failed to develop adequately the administrative record (Doc. 14, p. 5). The law judge has a basic obligation to develop a full and fair record, regardless of whether the applicant is represented by counsel. Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). The regulations provide that the Social Security Administration "will develop [the claimant's] complete medical history for at least the 12 months preceding the month in which [the claimant] file[s] [his] application unless there is a reason to believe that development of an earlier period is necessary or unless [the claimant] say[s] that [his] disability began less than 12 months before [he] filed [his] application." 20 C.F.R. 404.1512(d), 416.912(d). However, the burden of proving disability rests primarily with the plaintiff. See Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003); 20 C.F.R. 404.1512(c), 416.912(c)("You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled.").

The plaintiff contends that the administrative record was incomplete because it did not include certain medical records that were

available to him at the time of the hearing (Doc. 14, p. 5). However, as the Commissioner correctly notes, the plaintiff had ample notice of his burden of proving disability by submitting medical evidence to the law judge. An August 11, 2008, agency letter informed the plaintiff (Tr. 76):

> If there is more evidence you want the ALJ to see, please submit it to us as soon as possible. If you need help, you should immediately contact our office, your local Social Security office, or your representative (if you appoint one). Evidence you cannot submit to us before the hearing may be brought to the hearing, but earlier submission of evidence can often prevent delays in reviewing your case. If a physician, expert or other witness is not cooperating with the production of documents important to your case, you may ask the ALJ to issue a subpoena that requires a person to submit documents or testify at your hearing.

Subsequent hearing notices reiterated that the plaintiff could submit additional evidence and request the issuance of subpoenas (Tr. 32-37, 58-63). Further, at the initial administrative hearing, the law judge advised the plaintiff to "make sure ... that all the medical records are submitted before the [next] hearing" (Tr. 273). At the second hearing, the law judge again encouraged the plaintiff to obtain and submit any available medical records (Tr. 287, 297). Finally, upon issuance of the law judge's decision, the

plaintiff was notified that he could submit additional evidence to the Appeals Council (Tr. 9-11).

The plaintiff, represented by counsel for his appeal, submitted a letter to the Appeals Council, which stated that "[r]elevant medical records that were not reviewed by the ALJ have been submitted with this brief" (Tr. 266). However, the Appeals Council's decision, which lists the additional material received from the plaintiff, does not indicate that any further medical records were submitted by the plaintiff (Tr. 3-6).

The plaintiff asserts that the law judge's duty to develop the record was heightened due to the plaintiff's pro se status at the final administrative hearing (Doc. 14, p. 5). The law judge "has a special duty to ensure the record demonstrates that an unrepresented claimant who did not waive counsel was not prejudiced by the lack of counsel." Robinson v. Astrue, 235 Fed. Appx. 725, 727 (11th Cir. 2007)(emphasis in original). However, the Eleventh Circuit has made clear that, "where counsel has been waived, the special duty to develop the record does not take effect." Id. Here, the plaintiff executed a "Waiver of Right to Representation" (Tr. 31), and he affirmed that waiver at the second administrative hearing (Tr. 282).

The waiver and affirmation occurred after the plaintiff had talked with attorney Steinberg, who files more Social Security cases in this division than any other lawyer. After talking with attorney Steinberg, the plaintiff, undoubtedly, was fully apprised of his right to representation. Consequently, the plaintiff's waiver of representation was valid and binding. Therefore, the law judge did not have a heightened duty to develop a full and fair record.

The plaintiff asserts that he had a limited understanding about how to obtain medical records (Doc. 14, pp. 6-7). However, as the Commissioner properly notes, "because Plaintiff here had previously obtained and submitted medical records, he clearly knew which medical records were pertinent and how to obtain them" (Doc. 15, p. 10). Further, the plaintiff was notified that he could ask the law judge to issue subpoenas for the medical records. Yet, the plaintiff failed to ask for help in collecting his records. Thus, from all that appears in the record, the plaintiff fully understood how to collect and submit the relevant medical evidence.

Moreover, there is no probative indication that there are any additional medical records. A remand is not warranted for a failure to develop the record unless the plaintiff can demonstrate evidentiary gaps in the

record which result in "unfairness or clear prejudice." Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 586 (11th Cir. 1991). The plaintiff has failed to make such a showing.

As indicated, the plaintiff, through counsel, submitted a letter to the Appeals Council in connection with the request for review in which he stated, "Relevant medical records that were not reviewed by the ALJ have been submitted with this brief" (Tr. 266). However, no such records appear in the administrative transcript and none were acknowledged by the Appeals Council (see Tr. 3, 6). Further, the plaintiff's memorandum to this court essentially copied the argument made to the Appeals Council on this point but omitted the statement that relevant medical records that were not reviewed by the law judge were being submitted (Doc. 14, pp. 5-8). In other words, plaintiff's counsel did not discover any medical records that were not submitted to the law judge. Consequently, there is no indication of any evidentiary gaps in the record.

The plaintiff also argues that the law judge erred by concluding that the plaintiff's "reported physical symptoms and restrictions were grossly

exaggerated and unsupported by medical evidence" (Doc. 14, p. 7). This contention is unpersuasive.

In the first place, the medical evidence in this case is minimal except for the evidence of the plaintiff's eye impairment. This, most likely, is the reason the plaintiff had to fall back on the meritless argument that the law judge failed to develop the record. Regardless, in light of the minimal evidence of any impairment aside from the plaintiff's eye condition, the law judge did not err in concluding that the plaintiff's "reported physical symptoms and restrictions were grossly exaggerated and unsupported by medical evidence."

The plaintiff asserts further that the law judge did not consider various symptoms. However, the law judge, in his decision, discussed and discounted the plaintiff's hypertension because there was no evidence of a diagnosis of uncontrolled high blood pressure (Tr. 15). With regard to the plaintiff's shoulder, knee, and back problems, the law judge pointed to the plaintiff's emergency room visits in August and October 2009, and he noted that the record shows "<u>evidence</u> of osteoarthritis, a degenerative joint disease. The claimant was given a cortisone injection for the pain and prescribed pain

medication and anti-inflammatory (Section E, pages 68-71). Again, there are no further records showing any treatment for his alleged knee, shoulder and back pain" (Tr. 15)(emphasis in original).

The plaintiff notes that the law judge did not discuss the x-rays of his back and shoulder (Doc. 14, p. 8). However, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." See Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005). Moreover, the law judge's decision clearly indicates that he considered the medical evidence concerning the plaintiff's back, knees, and shoulder (Tr. 15, 18). As indicated, the law judge's decision specifically discussed the plaintiff's visit to the emergency room in August 2009, which included x-rays of the plaintiff's shoulder (Tr. 15, 178). It is therefore evident that the law judge considered this evidence.

The plaintiff also contends that the law judge did not consider his diagnosis of mild scoliosis (Doc. 14, p. 7). In order to prevail, however, the plaintiff must show that he had functional limitations from the scoliosis that were not included in the law judge's determination of the plaintiff's residual functional capacity. In this respect, "a diagnosis or a mere showing

-12-

of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on h[is] ability to work." Wind v. Barnhart, 133 Fed. Appx. 684, 690 (11th Cir. 2005) (quoting McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986)). In other words, it is the functional limitations that determine disability. Moore v. Barnhart, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005); McCruter v. Bowen, supra. Here, the plaintiff makes no effort to show how his scoliosis creates a specific functional limitation beyond the law judge's finding of the plaintiff's residual functional capacity.

For his second issue, the plaintiff argues that the law judge erred by failing to find the plaintiff credible (Doc. 14, pp. 8-9). Specifically, the plaintiff contends that his subjective complaints concerning his back, shoulder, and knee injuries are supported by objective medical evidence (id., p. 9). However, it is not enough to show that there is evidence from which a different fact-finder might find that the plaintiff's testimony was substantiated; the evidence, rather, must compel a finding that the plaintiff's testimony is totally credible. Adefemi v. Ashcroft, supra. Because the evidence does not warrant such a conclusion, this contention is also meritless.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. Dyer v. Barnhart, supra, 395 F.3d at 1210. As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that, under this test, there is objectively determined medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

The law judge properly applied the Eleventh Circuit's pain standard. The law judge recognized the need to articulate a credibility determination, and he referred to the pertinent regulations and Social Security rulings (Tr. 16). He even cited Landry v. Heckler (id.). This demonstrates

that the law judge applied the proper standards. See Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

The law judge gave a cogent explanation for declining to credit fully the plaintiff's complaints of pain. In addition to considering the objective medical evidence, the law judge discussed the plaintiff's testimony in his decision, including the subjective complaints of back, knee, and shoulder pain (Tr. 17). The law judge then stated (id.):

> After careful consideration of the evidence, the undersigned Judge finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.
>
> In terms of the claimant's alleged pain and limitations of function due to his physical impairments, the undersigned Judge finds the claimant's testimony is inconsistent with the objective clinical findings and the assessments from examining sources. Although[] the claimant has some limitations, they do not preclude him from the performance of all work related activities.
>
> In other evidence of record the claimant reported that the pain he experiences does not prevent him

>     from performing any of his usual activities of daily
>     living, i.e., cooking/preparing meals, personal care
>     (bathing, hair care, dressing), housecleaning,
>     laundry, shopping, sleeping, driving, yard
>     work/gardening, social activities/hobbies, child
>     care, etc. (Section E, page 30).

The law judge also noted that "the record does not reflect that any treating or examining physician has assessed the claimant with limitations that would prevent him from working on a full time basis" (Tr. 18). This explanation is sufficient to discount the plaintiff's complaints of disabling pain. See Heppell-Libsansky v. Commissioner of Social Security, 170 Fed. Appx. 693, 699 (11th Cir. 2006).

Moreover, the law judge's credibility determination is supported by the record. Although records from Tampa General Hospital indicate sporadic complaints of knee and shoulder pain, the treatment for these injuries generally consisted of pain medications, including Motrin and Tylenol (see, e.g., Tr. 112-18, 240-41, 245). Further, as indicated, the plaintiff reported no limitations in his activities of daily living from these impairments. The plaintiff was also capable of traveling to Texas prior to his first administrative hearing (Tr. 18, 270-71). In addition, the law judge

appropriately noted that the plaintiff's appearance at the hearing did not reflect any significant impairment (Tr. 19). Thus, the law judge was reasonable in determining that the "claimant grossly exaggerated his physical symptoms and restrictions" and that "[t]here is little substantive support as to the claimant's allegations of disabling symptomatology" (id.).

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby **AFFIRMED**. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 1st day of February, 2012.

*Thomas G. Wilson*
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE